UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:          DONALD E. BROWN, and               Case No. 12-34822-KRH
                ROSA PARKER BROWN,                  Chapter 13

                        Debtors.

## MEMORANDUM OPINION

Before the Court is the Motion to Set Aside Foreclosure Sale (the "Motion to Set Aside Sale") filed by Donald E. Brown and Rosa Parker Brown (the "Debtors") and the Motion for Relief from Automatic Stay Subsequent to Foreclosure Sale (the "Motion for Relief from Stay" and together the "Motions") filed by Aspen Shackleton III, LLC ("Shackleton").  A hearing on the Motions was held on May 22, 2013, at the conclusion of which the Court took the matters under advisement.

This memorandum opinion sets forth the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.[1]  The Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 16, 1984. This is a core proceeding, *id.* § 157(b)(2)(A) and (G), in which final orders or judgments may be entered by a bankruptcy court, *id.* § 157(b)(1).  Venue is appropriate in this Court. *Id.* § 1409(a).

The Debtors owned real property located at 4603 Hillbrook Avenue in Richmond, Virginia (the "Property").  In July of 2011, the Debtors commenced a Chapter 13 Bankruptcy Case, which immediately preceded this case at bar (the "Prior Case").[2]  In that Prior Case, Shackleton filed a Motion for Relief from Stay as to the Property on March 15, 2012 (the

---

[1]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[2]  That was Case No. 11-34454-DOT.

"Shackleton Motion in the Prior Case").  The Debtors filed a Response to the Shackleton Motion

in the Prior Case on April 13, 2012, whereby the Debtors denied the allegations and demanded

strict proof thereof.  A hearing on the Shackleton Motion in the Prior Case was held on April 18,

2012, at which time the Court granted the relief requested.  An Order Granting the Shackleton

Motion in the Prior Case was entered on April 26, 2012 (the "Order Granting Relief").

On April 27, 2012, the Debtors filed a Motion to Reconsider the Order Granting Relief.

The parties resolved the Motion to Reconsider the Order Granting Relief through a Consent

Order, which vacated the Order Granting Relief and which also provided for modification of the

automatic stay.  This Consent Order was entered on May 30, 2012 (the "Consent Order").

On June 21, 2012, Shackleton filed a Notice of Default, alleging that the Debtors had

failed to perform their obligations in accordance with the Consent Order.  No objection to the

Notice of Default was filed by the Debtors.  The time period during which the Consent Order

permitted the Debtors to cure the default was allowed to lapse.  On July 6, 2012, Shackleton filed

a Certificate of Default with the Court.  A Supplemental Order Granting Relief from Stay was

entered on July 12, 2012.  Thereupon, the Debtors filed a Motion to Voluntarily Dismiss their

case in accordance with 11 U.S.C. § 1307(b).  The motion for voluntary dismissal was granted

and the Debtors' Prior Case was dismissed on August 15, 2012.

The very next day, the Debtors filed the instant case under Chapter 13 of the Bankruptcy

Code.  On August 23, 2012, the Debtors filed a Motion to Extend the Automatic Stay Pursuant to

11 U.S.C. § 362(c)(3)(B) (the "Motion to Extend Stay").  Not unexpectedly, Shackleton filed a

timely Response to the Debtors' Motion to Extend Stay objecting to the relief requested by the

Debtors.  A hearing was conducted on September 12, 2012, at which the Court granted the

Motion to Extend Stay as to all creditors except as to Shackleton.  An Order extending the stay on these conditions was entered on October 5, 2012 (the "October 5 Order Extending Stay").

On March 14, 2013, the Debtors filed the present Motion to Set Aside Sale.  The Debtors allege that Shackleton conducted a foreclosure sale of their Property on February 8, 2013, in contravention of the Debtors' plan, which was confirmed on November 20, 2012.  The Debtors allege that Shackleton was stayed from foreclosing the Property pursuant to 11 U.S.C. §§ 362(a), 1325, and 1327.  Shackleton filed a Response to the Motion on March 28, 2013.[3]  Shackleton maintains that, consistent with the exception for which the Court's October 5 Order Extending Stay provided, the automatic stay never became effective as to Shackleton.  Furthermore, plan confirmation did not re-impose an automatic stay to prevent Shackleton's enforcement of the Deed of Trust.[4]

On April 10, 2013, the Court commenced a hearing on the Debtors' Motion to Set Aside Sale.  The hearing was continued to May 22, 2013, to give the parties an opportunity to submit briefs on the issue whether the foreclosure sale violated the automatic stay.  The Court adjourned the hearing on the Motion for Relief from Stay to the same time and date as the continued hearing on the Motion to Set Aside Sale.

The filing of a petition under the Bankruptcy Code imposes an automatic stay of a wide range of actions that a creditor may take against the debtor, 11 U.S.C. § 362(a)(1), (2), (6), (7), against property of the debtor, id. § 362(a)(5), and against property of the estate, id. § 362(a)(2), (3), (4).  Section 362(c)(3) provides that where an individual has been a debtor in a previous

---

[3]  Shackleton also filed its Motion for Relief from Stay complaining that the Debtors continue to occupy the Property and requesting permission to proceed with appropriate action to obtain possession of the Property as permitted by applicable state law.  On April 12, 2013, the Debtors filed a Response to the Motion for Relief from Stay, which denied the allegations and stated that the foreclosure sale was void.

[4]  While the Debtors argue that 11 U.S.C. § 1327 makes the provisions of their confirmed plan binding on Shackleton, neither the subject Property nor Shackleton's secured claim are addressed in the Debtors' plan.

bankruptcy case that was dismissed within one year of the filing of a new bankruptcy case, the automatic stay terminates as to the debtor on the thirtieth day following the new filing unless within those thirty days the debtor seeks and the courts grants an extension of the stay. *Id.* § 362(c)(3). In order to obtain an extension of the stay, the debtor must prove that the filing of the new case was in good faith as to the creditors that would be affected by the stay. *Id.*

The Debtors assert that, while the Court did except Shackleton from the provisions of its October 5 Order Extending Stay, it nevertheless "is abundantly clear from the plain language of 11 U.S.C. § 362(c)(3)(A) that the stay that [terminated was] not the stay that protects property of the estate." *In re Taylor*, Case No. 07-31055-KRH, 2007 Bankr. LEXIS 1505, at *13-18 (Bankr. E.D. Va. Apr. 26, 2007); *In re Jones*, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006). Debtors argue that the Court's October 5 Order Extending Stay pertained only to the stay provided under 11 U.S.C. § 362(a)(1), (2), (6), and (7) that protects against actions "with respect to the debtor." The Debtors contend that the stay against property of the estate provided under 11 U.S.C. § 362(a)(2), (3), and (4) remained in effect notwithstanding the prior bankruptcy filing and was not otherwise implicated by the Court's October 5 Order Extending Stay. As Shackleton's attempted foreclosure was an action against property of the estate to which the stay remained applicable, the sale was invalid and should be set aside.

The filing of a petition, however, does not stay all actions against property of the estate. Section 362(b)(21) provides an exception. The filing of a petition does not operate as a stay under any provision of subsection (a) of section 362 of "any act to enforce any lien against or security interest in real property" "if the debtor is ineligible under section 109(g) to be a debtor" in a bankruptcy case. 11 U.S.C. § 362(b)(21)(A). Section 109(g) of the Bankruptcy Code provides that "no individual . . . may be a debtor under this title who has been a debtor in a case

pending under this title at any time in the preceding 180 days if" "the debtor requested and

obtained the voluntary dismissal of the case following the filing of a request for relief from the

automatic stay provided by section 362 of this title."  11 U.S.C. § 109(g)(2).[5]

Shackleton did file a Motion for Relief from Stay in the prior case.  The Debtors

requested and obtained the voluntary dismissal of their Prior Case shortly after Shackleton had

been granted relief from stay.  Shackleton argues that this rendered the Debtors ineligible under

the provisions of § 109(g).  The Debtors' ineligibility made the exception to the automatic stay

set forth in § 362(b)(21)(A) of the Bankruptcy Code applicable.  Shackleton contends, therefore,

that the automatic stay did not operate to prevent enforcement of its Deed of Trust lien against

the Debtors' Property.

The Court agrees that the Debtors were ineligible to be debtors under § 109(g).[6]  The

filing of the petition in the present case did not impose a stay against actions by Shackleton to

enforce its Deed of Trust.   11 U.S.C. § 362(b)(21)(A).   Consistent with these statutory

provisions, the Court's October 5 Order Extending Stay specifically excepted Shackleton from

its provisions.  The Court concludes that the foreclosure sale conducted by Shackleton did not

violate the automatic stay.  Therefore, Debtors' Motion to Set Aside Sale will be denied.

A separate Order shall issue.

ENTERED:  __May 28, 2013__        _____/s/ Kevin R. Huennekens_____
                                                              UNITED STATES BANKRUPTCY JUDGE

---

[5]  The eligibility limitations under 11 U.S.C § 109(g) are neither jurisdictional, *In re Lee-Beam*, C/A No. 07-06773-JW, 2008 Bankr. LEXIS 548, at *12-13 (Bankr. D.S.C. Feb. 26, 2008); *cf. In re Vollmer*, 361 B.R. 811, 813-14 (Bankr. E.D. Va. 2007) ("[T]he eligibility requirements of § 109 of the Bankruptcy Code are not jurisdictional."), nor are they self-effecting.

[6]  While Shackleton could have moved at the outset to dismiss the Debtor's case under 11 U.S.C § 109(g), its failure to do so did not constitute a waiver of its right to enforce § 362(b)(21)(A) or any other provision of the Bankruptcy Code referencing the eligibility provisions.